UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES W. JAIKINS

                Plaintiff,                        CIVIL ACTION  NO. 04-73404

v.                                                  HONORABLE ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

CATERPILLAR, INC. AND FREEDOM YACHT
SALES, INC.,                                    MAGISTRATE JUDGE
                                                  R. STEVEN WHALEN

                Defendants.
_____/

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [D/E # 91],
DENYING AS MOOT BOTH PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
DISCOVERY [D/E # 90] AND PLAINTIFF'S MOTION TO APPOINT EXPERT [D/E #
92] AND WITHDRAWING DEFENDANT'S MOTION TO STRIKE EXHIBIT G [D/E #
67] WITHOUT PREJUDICE TO BE REINSTATED BY LETTER AT A LATER DATE</u>**

      Having read the parties' briefs and had discussions with the parties in chambers on August 1, 2006,

      **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration or Alternatively, Reargument of the Court's March 13, 2006 Order Reinstating the Plaintiff's Implied Warranty Claim be **DENIED**.  At this time, the implied warranty claim will continue to be reinstated.  However, this court will still have to determine as a matter of law whether Caterpillar's written disclaimer of implied warranty is conspicuous, *i.e.* whether a "reasonable person against whom it is to operate ought to have noticed it." *Farley v. Country Coach, Inc.*, 2006 U.S. Dist. LEXIS 9792 (E.D. Mich. 2006)(Steeh) citing *Krupp PM Eng'g v. Honeywell, Inc.*, 209 Mich.App. 104 (1995); MCL § 440.1201(10).  Understanding that it is this court's ultimate decision, this court expects to in part rely upon the jury's advice on the issue of conspicuousness.

      During the August 1, 2006 conference, the parties informed this court that Plaintiff's

Motion for Leave to Conduct Discovery and Plaintiff's Motion to Appoint Expert are both resolved, thus both motions are **DENIED AS MOOT**.

The parties further informed the Court that Defendant's Motion to Strike Exhibit G (James Jaikins' Third Affidavit Dated December 5, 2005) to the Plaintiff's Response Brief in Opposition to Defendant's Motion for Summary Judgment was **WITHDRAWN WITHOUT PREJUDICE** to be reinstated by letter at a later date.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager