**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES W. JAIKINS,

    Plaintiff,

vs.

CATERPILLAR, INC., a Delaware corporation,

    Defendant.

Case No. 04-73404
Hon. Arthur J. Tarnow
Magistrate Judge R. Steven Whalen

---

| | |
|---|---|
| H. Nathan Resnick (P42424)<br>Timothy G. Orlando (P41673)<br>Ross L. Wilber (P44492)<br>RESNICK & MOSS, P.C.<br>Co-Counsel for Plaintiff<br>40900 Woodward Avenue, Suite 111<br>Bloomfield Hills, Michigan 48304-5116<br>(248) 642-5400 | E. Powell Miller (P39487)<br>Marc L. Newman (P51393)<br>David H. Fink (P28235)<br>THE MILLER LAW FIRM, P.C.<br>Co-Counsel for Plaintiff<br>950 West University, Suite 300<br>Rochester, Michigan 48307<br>(248) 841-2200 |
| Richard P. Campbell<br>John A.K. Grunert<br>Kurt Gerstner<br>Christopher R. Howe<br>CAMPBELL, CAMPBELL, EDWARDS & CONROY<br>Counsel for Defendant Caterpillar<br>One Constitution Plaza, 3rd Floor<br>Boston, Massachusetts 02129<br>(617) 241-3061 | James N. Martin (P17147)<br>Victor T. Van Camp (38471)<br>MARTIN, BACON & MARTIN, P.C.<br>Co-counsel for Defendant Caterpillar<br>44 First Street, P.O. Box 2301<br>Mt. Clemens, Michigan 48046<br>(586) 979-6500 |

---

**FURTHER ORDER REGARDING CLASS CERTIFICATION**

    This matter having come before the Court on Plaintiff's Motion for Class Certification; the Court having heard oral argument on March 7, 2006 and January 4, 2007; the Court having found with respect to Plaintiff's claim for breach of express warranty that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

common to the class, (3) Plaintiff's claims are typical of the claims of the class, (4) Plaintiff will fairly and adequately protect the interests of the class; (5) common questions of law or fact predominate over individual questions; and (6) a class action is superior to other available methods of adjudication; and the Court having entered an Order on January 5, 2007 granting Plaintiff's Motion for Class Certification;

NOW, THEREFORE,

IT IS HEREBY ORDERED that the portion of the January 5, 2007 Order [docket no. 127] granting Plaintiff's Motion for Class Certification is vacated and replaced with this Order;

IT IS FURTHER ORDERED that Plaintiff's Motion for Class Certification is Granted for the reasons set forth on the record on January 4, 2007;

IT IS FURTHER ORDERED that the Class shall be defined as follows:

> All persons or entities in the United States who at any time have owned and used a boat powered by Caterpillar marine engines equipped with any version of aftercooler model/part number 138-2571, 161-9898, 210-5631, and 216-5147. Excluded from the Class is any such person who claims personal injuries as a result of incidents related to these aftercoolers ("Class Members").

IT IS FURTHER ORDERED that the class issues to be litigated are: (1) whether there is/was a defect in material or workmanship related to the subject aftercoolers; (2) whether Caterpillar provided parts or components and labor needed to correct such a defect; (3) whether Caterpillar otherwise met its responsibilities under the express limited warranty as it relates to such a defect; and (4) whether the express limited warranty failed of its essential purpose as it relates to such a defect.

IT IS FURTHER ORDERED that the Court appoints The Miller Law Firm, P.C. and Resnick & Moss, P.C. as co-lead counsel for the class.

IT IS FURTHER ORDERED that the manner and form of notice to the Class is held in abeyance pending a decision by the Court of Appeals on Defendant's Petition for Leave to Appeal from this Order.

IT IS FURTHER ORDERED that the Class definition is without prejudice to the rights of either party to request that the scope of the class be modified at a later date pursuant to Fed.R.Civ.P. 23(c)(1)(C).

So ordered.

                              S/ARTHUR J. TARNOW
                              Arthur J. Tarnow
                              United States District Judge

Dated: April 9, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2007, by electronic and/or ordinary mail.

                              S/THERESA E. TAYLOR
                              Case Manager